# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2530

JUAN LEONARDO LARGO SERRANO; JESSICA VALERIA CONTRERAS CONTRERAS;
A.L.C.; S.L.C.,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

_____

On Petition for Review from a
Decision of the Board of Immigration Appeals
A220-502-225, A220-971-432, A220-971-433, A220-971-434
Immigration Judge: Pallavi S. Shirole

Before: CHAGARES, *Chief Judge*; RESTREPO, and MONTGOMERY-REEVES, *Circuit Judges*
Submitted Jun. 10, 2026; Decided Jun. 29, 2026

_____

NONPRECEDENTIAL OPINION\*

MONTGOMERY-REEVES, *Circuit Judge*.

Juan Leonardo Largo Serrano, Jessica Valeria Contreras Contreras, and their two children ("Petitioners") seek review of the Board of Immigration Appeals' (the "BIA") denial of their motion to reopen.[1] Petitioners argue the BIA erred in denying their motion after finding that Petitioners' changed-country-conditions evidence was immaterial or otherwise insufficient. We disagree and will deny the petition.

Petitioners unlawfully entered the United States from Ecuador in 2021. They left Ecuador after they learned that local gangs were extorting small business owners like them,

---

\*This is not an opinion of the full Court and, pursuant to 3d Cir. IOP 5.7, is not binding precedent.

and after unknown men started visiting their store and making intimidating comments. Concerned with eventual extortion and doubtful of the police's ability to help, Petitioners fled to the United States.

On arrival, Petitioners applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied Petitioners' applications. The BIA agreed and dismissed a later appeal.

More than a year later, Petitioners moved to reopen their removal proceedings, claiming changed country conditions. Petitioners submitted evidence identifying Ecuador as a dangerous place to live due to a high risk of gang violence. The BIA denied the motion, holding that Petitioners' newly submitted evidence was immaterial to their asylum and withholding-of-removal applications and insufficient to save their CAT application. Petitioners claim that the BIA abused its discretion in denying their motion. We disagree.[2]

The BIA may grant a motion to reopen if the applicant's motion introduces material evidence of changed-country conditions that was not available during the previous removal proceeding and was otherwise undiscoverable. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Arckange Saint Ford v. Att'y Gen.*, 51 F.4th 90, 97 (3d Cir. 2022). "The requirement to present material evidence is a 'heavy burden.'" *Darby v. Att'y Gen.*, 1 F.4th 151, 160 (3d Cir. 2021) (quoting *Khan v. Att'y Gen.*, 691 F.3d 488, 496 (3d Cir. 2012)). To meet that burden, a

---

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.2, and we exercise jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision to deny a motion to reopen for abuse of discretion. *Gen Lin v. Att'y Gen.*, 700 F.3d 683, 685 (3d Cir. 2012). We will disturb the BIA's decision only if its decision is "arbitrary, irrational, or contrary to law." *Id.* (quoting *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006)).

petitioner must offer evidence rebutting an IJ's findings "that provided the basis for denying relief" in the first instance. *Id.* (citation modified). If an applicant presents material evidence, the BIA then assesses the sufficiency of that evidence. *Id.* at 162. Changed-country-conditions evidence is sufficient if it establishes prima facie eligibility for relief under the appropriate standard. *Id.* at 161–62.

The BIA did not abuse its discretion in denying Petitioners' motion to reopen. For asylum and withholding of removal, applicants must establish that they "suffered past persecution" or have "a well-founded fear of future persecution." 8 C.F.R. § 208.13(b). An applicant's well-founded fear of persecution must be "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The BIA did not abuse its discretion in concluding that Petitioners' newly submitted evidence was immaterial to whether Petitioners were at risk of future persecution. Petitioners' evidence shows only general human-rights violations in Ecuador and not a "nexus between the alleged protected grounds and the feared or past persecution." *Hernandez Garmendia v. Att'y Gen.*, 28 F.4th 476, 483–84 (3d Cir. 2022). Even assuming Ecuadorian shop owners enjoy protected status, Petitioners submitted no new evidence to suggest that Ecuadorian shop owners are at an increased risk of persecution—which the IJ previously held. *Darby*, 1 F.4th at 160 (holding that a petitioner must offer evidence rebutting an IJ's or the BIA's findings "that provided the basis for denying relief" (citation modified)).

For CAT relief, an applicant must provide "objective evidence showing a 'reasonable likelihood' that [the applicant] can establish that he is more likely than not to be

3

tortured.'" *Id.* at 161 (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002)). "Torture" is defined under the relevant regulations as acts done, consented to, or acquiesced to by public officials acting in their official capacities in the country of removal. 8 C.F.R. § 208.18(a)(1). The BIA did not abuse its discretion in concluding that Petitioners' newly submitted evidence was insufficient to establish that Ecuadorian government officials would acquiesce to Petitioners' torture at the hands of gangs. Petitioners' failure to ask the Ecuadorian police for help when they were still in Ecuador coupled with evidence that the Ecuadorian government is prosecuting increasing gang violence renders the BIA's decision a sound exercise of discretion.

For these reasons, we will DENY the petition.